UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRIUS FLOYD,

      Petitioner,

                      Case No. 8:14-CV-2290-T-27AEP
                                8:12-CR-65-T-27AEP

UNITED STATES OF AMERICA,

      Respondent.
_____/

O R D E R

    This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody along with his memorandum styled "Additional Claims Being Presented in the Motion Pursuant to Title 28 U.S.C. § 2255" (Cv-D-1, Cr-D-109), his Brief in Support (Cv-D-3), and the Government's response (Cv-D-12).

    By way of background, Petitioner was charged in an Indictment with one count of possession with the intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Petitioner retained attorney Joseph Caimano, Jr., to represent him. On May 25, 2012, the Government filed an Information and Notice of Prior Convictions pursuant to 21 U.S.C. §§ 851 and 841(b) notifying Petitioner of enhanced statutory penalties due to his prior convictions.

    Petitioner proceeded to trial. At the close of the Government's case-in chief, Petitioner moved for a judgment of

acquittal arguing that the Government had not satisfied its burden of proving Petitioner's guilt beyond a reasonable doubt. The Court found sufficient evidence presented at trial for a jury to find Petitioner guilty beyond a reasonable doubt and denied the motion. The jury found Petitioner guilty of possessing with intent to distribute a quantity of cocaine base that was more than 28 grams but less than 280 grams.

Petitioner filed a motion for judgment of acquittal notwithstanding the verdict, which the Court denied. On September 19, 2012, Petitioner appeared for sentencing. Due to his prior convictions, and over Petitioner's objection, Petitioner was deemed to be a career offender. As a result, his enhanced Total Offense Level was a 37 and his criminal history category was a VI.[1] His guideline range was 360 months to life imprisonment. The Court sentenced Petitioner to a term of imprisonment of 360 months. Petitioner appealed. On June 12, 2013, the Eleventh Circuit Court of Appeals affirmed his conviction. United States v. Floyd, 522 Fed. Appx. 463 (11th Cir. 2013) (per curiam).

Petitioner timely filed his § 2255 motion, brief in support, and document styled "Additional Claims being Presented in the Motion Pursuant to Title 28 U.S.C. § 2255." Petitioner raises various claims of ineffective assistance of counsel. Specifically,

---

[1] Petitioner had 18 criminal history points which established a criminal history category VI regardless of the career offender enhancement. (PSI ¶47-48.)

2

Petitioner argues that his counsel was ineffective in failing to (1) contest the drug substance; (2) move to suppress the admission of DNA; (3) contest the constructive amendment of the Indictment; (4) suppress the search warrant as "not judicially issued" or "authentic;" and (5) raise more meritorious issues on appeal. Petitioner also argues that he is actually innocent and that there was insufficient evidence to convict him.  He additionally argues that he is actually innocent of the career offender enhancement and that the Court lacked jurisdiction to enhance him as a career offender.   Finally, he claims the Court improperly enhanced his sentence pursuant to 21U.S.C. § 851.

## I.   PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  In order to succeed under the Strickland test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting therefrom.  Id. at 687.

The first prong of the Strickland test requires the Court to determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690.  Notably, there is a strong presumption that counsel rendered adequate assistance and

3

made all significant decisions with reasonable and competent judgment. Id.

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. Strickland, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir.2000) (en banc) (quoting Strickland, 466 U.S. at 689 and Darden v. Wainwright, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315.

The Supreme Court has consistently held that "as a matter of law, counsel's conduct ... cannot establish the prejudice required for relief under the second [prong] [o]f the Strickland inquiry." Nix v. Whiteside, 475 U.S. 157, 175 (1986). This admonition emphasizes the stringent requirement that if a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective assistance claim." Zamora v. Dugger, 834 F.2d 956, 958 (11th Cir. 1987). See also Weeks v. Jones, 26 F.3d 1030, 1037 (11th Cir. 1994). Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice

without considering the reasonableness of the attorney's performance. Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing Strickland, 466 U.S. at 697).

With regard to the second prong, the petitioner must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694-95. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. at 694. A petitioner must show a "substantial, not just conceivable, likelihood of a different result." Cullen v. Pinholster, --- U.S. ----, 131 S.Ct. 1388, 1403 (2011) (per curiam) (citation omitted).

With the foregoing standard in mind, the Court addresses each of Petitioner's ineffective assistance claims.

### A.   Failure to Contest the Drug Substance

Petitioner first argues that his counsel should have contested the drug substance. He contends that the Government failed to charge in the Superseding Indictment and failed to prove beyond a reasonable doubt that the controlled substance was crack cocaine. Petitioner relies on Alleyne v. United States, --- U.S. ----, 133 S.Ct. 2151 (2013).

In Alleyne, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Id. at

2155.  However, <u>Alleyne</u> is not retroactive on collateral review.
<u>Jeanty v. Warden, FCI Miami</u>, 757 F.3d 1283, 1285 (11th Cir. 2014).

To the extent Petitioner argues that the Government charged
"cocaine base" and not "crack cocaine," an indictment need not
specifically allege crack rather than cocaine base.  <u>DePierre v.
United States</u>, 564 U.S. ----, 131 S.Ct. 2225, 2237 (2011) ("term
'cocaine base' as used in § 841(b)(1) means not just 'crack
cocaine,' but cocaine in its chemically basic form.")   Accord
<u>United States v. Logan</u>, 845 F.Supp. 2d 499 (E.D.N.Y. Feb. 23, 2012)
(the indictment need not specifically allege "crack" as opposed to
cocaine base), appeal dismissed No. 12-1187 (2nd Cir. July 5,2012).

Here, the Indictment alleged "cocaine base."  The evidence at
trial showed the offense involved crack cocaine.  Specifically,
Officer Michelson testified that, during the search, law
enforcement found large and small amounts of crack cocaine,
including a crack cocaine cookie, and a razor used to cut crack.
(Cr-D-97, p. 23-24, 26-29, 32-34.)  Detective Kevin McCoy testified
that the bags found during the search had condensation in them
"which is consistent with crack cocaine that was just cooked
because crack is mostly water, and usually after it's cooked, it's
placed in a bag, it's still warm, you get a steam kind of effect.
I saw that in a bag which would be consistent with the cocaine just
being cooked." (<u>Id.</u> at p. 57.)  He testified that crack cocaine is
cooked by taking cocaine powder and mixing it with baking soda,

adding water and heating it.  He explained:

> When it reaches the right temperature, basically a
> chemical reaction occurs and this baking soda will bond
> to the cocaine and what happens is your good product, the
> cocaine will float to the top, your excess baking soda
> and cutting agents from the cocaine will sink to the
> bottom.  When the cocaine gets to a certain temperature,
> it will get oily, real sticky and lumpy, and when it gets
> to that point, that's when it's scooped out and usually
> placed on a paper towel to absorb the water.  And then
> usually another object is placed on top of the cocaine to
> flatten it out and then it's cooled and then sold.

(Id. at p. 57-58.)

Furthermore, Petitioner stipulated that the certain substances found during the search was cocaine in its base form, crack cocaine, as confirmed through testing by the Florida Department of Law Enforcement. (Cr-D-97, p. 162-63.)  The stipulation was signed by the Petitioner, and there was no objection by Petitioner when the Government read the stipulation into the record at trial. (Id.)

Petitioner has not demonstrated that his counsel decision not to contest the drug type or in advising him to enter into the stipulation was not part of a reasonable trial strategy.  Lemon v. United States, 335 F.3d 1095, 1096 (8th Cir. 2003) (counsel's decision to stipulate to drug type was part of reasonable trial strategy to disprove the element of possession rather than drug type.)  Nor has he shown he was prejudiced as a result of counsel's conduct.  Even had Petitioner not stipulated to the drug type, Petitioner has not demonstrated a reasonable probability that the

proceedings would have been different. The Government would have simply called the FDLE chemist to testify regarding his education, expertise and testing methodology and his conclusion that the drugs were crack cocaine. United States v. Roberts, No. 4:03-CR-045-SPM, 2008 WL 216317, at *7 (N.D. Fla. Jan. 24, 2008) (the court found that petitioner was not prejudiced by stipulation to drug type where chemist would have testified that the drugs were cocaine).

**B.   Failure to Move to Suppress the DNA**

Petitioner next contends that his counsel was ineffective in failing to move to suppress the admission of DNA evidence that "inferred" that he committed two distinct crimes. He claims he is actually innocent of possessing 28 grams or more of cocaine base with the intent to distribute it. Specifically, he argues that the Government's Trial Exhibit 8 included two quantities of cocaine base, 2.5 grams representing simple possession[2], and 30 grams representing possession with the intent to distribute. Petitioner argues that the DNA was the sole basis which led to a guilty verdict and asserts there was no way to determine which package included Petitioner's DNA. He therefore concludes there was insufficient evidence to convict him of possessing with intent to distribute 28 grams or more of cocaine base. In support, Petitioner relies on Burrage v. United States, 571 U.S. ----, 134

---

[2] Petitioner's attorney requested an instruction for simple possession. (Cr-D-97, p. 186-87; Cr-D-98, p. 2.) The Court found there was no predicate for such an instruction. (Cr-D-98, p. 4-5.)

8

S.Ct. 881 (2014).[3]

In Burrage, the Supreme Court held that a defendant cannot be liable under the "death results" enhancement provision of 21 U.S.C. § 841(b)(1)(C) where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury unless such use is a but-for cause of the death or injury. Burrage, 134 S.Ct. at 892. The Supreme Court further found that the "death results" enhancement was an element that must be submitted to a jury and found beyond a reasonable doubt because it increased the minimum and maximum sentences. Id. at 887.

The Eleventh Circuit has found that Burrage did not announce a new rule of constitutional law. In re: Carlos Alvarez, No. 14-10661-D (11th Cir. March 6, 2014) (court denied petitioner's application to file successive § 2255 motion Burrage is a statutory interpretation case and the Supreme Court did not make it applicable on collateral review). In any event, Petitioner has not shown that Burrage is applicable to his case as Petitioner was not subject to the "death results" penalty.

Petitioner is essentially contesting the sufficiency of the evidence at trial. That issue has been previously considered and rejected. Petitioner's attorney contested the sufficiency of the

---

[3] To the extent that Petitioner relies on Alleyne, as previously explained at page 5 of this Order, Alleyne is not applicable on collateral review.

evidence at trial when he moved for a judgment of acquittal and after Petitioner was convicted in a written motion for judgment of acquittal. (Cr-D-97, p. 164-68, Cr-D-59.)  The Court denied both motions finding there was sufficient evidence for the jury to find Petitioner guilty beyond a reasonable doubt. (Cr-D-97, p. 168, Cr-D-63.)

On appeal, the Eleventh Circuit found that there was sufficient evidence supporting the verdict. Floyd, 522 Fed. Appx. at 467.  Specifically, the Eleventh Circuit explained:

> evidence showed that: (1) officers detained Floyd as he walked out of a bedroom containing, in plain view, recently cooked crack cocaine and paraphernalia consistent with distribution; (2) Floyd had $1,465 in small bills bundled in his pockets, which was consistent with street-level distribution; (3) in that bedroom, Floyd's driver's license and a court document addressed to him were discovered in the same chest of drawers as several bags of crack cocaine; and (4) Floyd's DNA was consistent with the DNA recovered from several of the bags of crack cocaine found in that bedroom.  Based on this evidence, a reasonable jury could have found beyond a reasonable doubt that Floyd possessed crack cocaine with intent to distribute it.

Id. (citations omitted).  "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted).  As such, Petitioner is not entitled to relief as to this claim.

10

### C.   Failure to Contest Constructive Amendment of Indictment

Petitioner next claims his counsel failed to object to the constructive amendment of the Indictment through the Court's jury instructions.   In this regard, the Indictment charged Petitioner did knowingly and willfully possess with the intent to distribute 280 grams of a mixture of substance containing a detectable amount of cocaine base.   (Cr-D-1.)   The Court instructed the jury that it could find Petitioner guilty of the crime even if the amount was less than 280 grams.   Specifically, the Court instructed the jury as follows:

> The Defendant is charged with possessing and intending to distribute at least 280 grams of cocaine base.   But you may find the Defendant guilty of the crime even if the amount of the controlled substance for which he should be held responsible is less than 280 grams.   So if you find the Defendant guilty, you must also unanimously agree on the weight of the cocaine base the Defendant possessed and specify the amount on the verdict form.

(Cr-D-52, p. 9.)   The jury ultimately found Petitioner guilty of 28 grams or more but less than 280 grams.   (Cr-D-57.)

"A constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment."   United States v. Sanders, 668 F.3d 1298, 1309 (11th Cir. 2012) (per curiam) (citation omitted).   The court in United States v. Lee, 223 Fed. Appx. 905, 907 (11th Cir. 2007), addressed whether the district court constructively

amended the indictment when it instructed the jury that it could convict the defendant for less than five grams of cocaine base when the indictment specified that he had possessed with the intent to distribute quantity of five grams of more of cocaine base. The court found that because constructive amendment occurs only when an element of the offense is broadened and quantity is not an element of the offense, no constructive amendment occurred. Id.

Similarly, here, as weight is not an element, there was no constructive amendment of the Indictment. As such, Petitioner fails to show that his counsel acted deficiently or prejudice resulting from his attorney's failure to object.

### D. Failure to Move to Suppress Search Warrant

Petitioner next argues that his counsel allowed the prosecution to use "fraudulent judicially issued search warrants" without "contesting the authentication of the search warrants." (Cv-D-3, p. 19.) He claims that the search warrant for the residence at 9407 North 9th Street was not "judicially issued." In support of his contention, he claims the state court file records fail to show a time and date for issuance of the search warrant or the return.

Petitioner fails to identify how the search warrant was fraudulent. His claim that the warrant and return were undated is factually false. The records in Petitioner's criminal case show that the search warrant at issue was signed by Hillsborough County

Circuit Court Judge Emily Peacock on October 8, 2010.  (Cr-D-24-1; Cr-D-31-1.)  The affidavit in support of the search warrant was sworn to by Detectives Kevin McCoy and Bernard Berry.  (Cr-D-31-1,p. 11.)  The search warrant return was sworn to on October 13, 2010, by Detectives Berry and McCoy before Law Enforcement Officer Sergeant D. Todd.[4]  (Cr-D-31-1, p. 13.)  Furthermore, this Court found that probable cause supported issuance of the warrant.  (Cr-D-64, 92, p. 26-27.)  Vague, conclusory, or speculative allegations that lack factual substantiation are not sufficient to support an ineffective assistance of counsel claim.   Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir.1991).

### E.   Failure to Raise More Meritorious Issues on Appeal

Petitioner's final claim of ineffective assistance of counsel is that his attorney "failed to raise more meritorious issues on the petitioner's behalf in the district court, direct appeal, at resentencing and on appeal of resentencing."  (Cv-D-3, p. 23.)

Initially, the Court notes that Petitioner has had one direct appeal and it did not result in resentencing or a second appeal.

---

[4] The Court notes that Petitioner's attorney moved to suppress all the evidence seized pursuant to warrant on the bases that: (1) law enforcement searched property that was not permitted by the authority contained in the search warrant; (2) the application in support of the search warrant contained material misleading/false information; and (3) the reliability of the confidential informant was not adequately attested to by the search warrant affiant.  (Cr-D-24.)  At a hearing on the motion, Petitioner withdrew his claim that the scope of the search exceeded the warrant. (Cr-D-92 , p. 2, 33.)  The Court found that Petitioner failed to make the necessary showing to be entitled to an evidentiary hearing.  (Id. at p. 25-26.)  The Court further found the affidavit adequately supported a finding of probable cause, and denied the motion to suppress. (Cr-D-64, Cr-D-92 p. 26-27.)

Second, the only issues Petitioner claims his attorney should have raised are the issues presented by Petitioner in his current motion and supporting filings.  Those issues have been found to not have merit.  As such, Petitioner fails to show his counsel performed unreasonably or any resulting prejudice.

## II.  CAREER OFFENDER AND 21 U.S.C. § 851 CLAIMS

Petitioner claims he is actually innocent of the career offender enhancement.  He claims his prior drug offense does not constitute a serious drug offense and/or controlled substance offense, and that his prior offense for battery on a law enforcement officer does not constitute a violent felony.  He also claims the Court lacked jurisdiction to apply the enhancement. Finally, Petitioner claims that his offense does not qualify for purposes of an enhanced sentence pursuant to 21 U.S.C. § 851.

### A.  Career Offender Enhancement

Petitioner was a career offender under the sentencing guidelines because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense.[5] (PSI ¶ 23.)  Specifically, Petitioner had convictions for attempted murder in the first degree, attempted robbery with a weapon, and

---

[5] At sentencing, defense counsel argued against the career offender enhancement on the basis that Petitioner was convicted of attempted murder, attempted robbery and delivery of cocaine on the same date, but the Court overruled the objection.  (Cr-D-99, p. 22-25.)

delivery of cocaine.[6]  (PSI ¶ 23, 29, 32.)

United States Sentencing Guideline section 4B1.2 defines a "crime of violence" in pertinent part as follows:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The Eleventh Circuit has found robbery pursuant to Fla. Stat. § 812.13(1) is a crime of violence for purposes of the career offender enhancement.  United States v. Lockey, 632 F.3d 1238, 1242-45 (11th Cir. 2011).  Florida attempted murder in the first degree is a "crime of violence" in that it has "an element of the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).  Specifically, according to the Florida Standard Jury Instructions 6.2, to be found guilty of the offense, the State must prove beyond a reasonable doubt that: (1) the defendant did some act intended to cause death to a victim that went beyond just thinking or talking about it; (2) he acted with a premeditated design to kill the victim; and (3) the act would have resulted in

---

[6] Petitioner could not collaterally attack these convictions at sentencing unless the convictions were obtained in violation of his right to counsel. United Phillips, 120 F.3d 227 (11th Cir. 1997).

the death of the victim except that someone prevented him from killing the victim or he failed to do so.  In re Standard Jury Instructions in Criminal Cases-- Report No. 2013-02, 137 So.3d 995, 997 (Fla. 2014) (per curiam).  Thus, Petitioner's prior convictions for attempted robbery and attempted murder in the first degree were properly considered as qualifying offenses for purposes of the career offender enhancement.

As for his prior drug offense, the sentencing guidelines define a "controlled substance offense" as follows:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).  Florida law prohibits the delivery of cocaine.  Fla. Stat. § 891.13(1)(a).  Petitioner's Florida conviction for delivery of cocaine was punishable by a term of imprisonment not to exceed fifteen years.  Fla. Stat. § 775.082(3)(c).

In support of his contention that his state drug conviction does not fall within the definition of "controlled substance offense," Petitioner relies on Donawa v. U.S. Att'y Gen., 735 F.3d 1275 (11th Cir. 2013).  The same arguments made by Petitioner here were recently rejected in United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) wherein the court expressly held that:

> Section 893.13(1) of the Florida Statutes is both a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), and a "controlled substance offense," U.S.S.G. § 4B1.2(b). Neither definition requires that a predicate state offense includes an element of mens rea with respect to the illicit nature of the controlled substance....

In light of <u>Smith</u>, Petitioner's conviction for delivery of cocaine constitutes a "controlled substance offenses" for purposes of the career offender enhancement. Thus, Petitioner had at least three convictions for purposes of the career offender enhancement.

The Court notes that Petitioner argues that his Florida conviction for battery on a law enforcement officer (PSI ¶ 39) in violation of Fla. Stat. § 784.07 (a third degree felony) was not a "crime of violence" for purposes of the career offender enhancement. That conviction was not one of the convictions relied upon by the Court for purposes of applying the career offender. As set forth above, Petitioner had at least three other qualifying convictions. In any event, the controlling law of the Eleventh Circuit holds that Florida's offense of battery on a law enforcement officer is a crime of violence under the residual clause of U.S.S.G. § 4B.12(a)(2). <u>Rozier v. United States</u>, 701 F.3d 681, 682 (11th Cir. 2012), <u>cert.</u> <u>denied</u>, 133 S.Ct. 1740 (2013).

## B.   Jurisdiction

The Court easily disposes of Petitioner's claim that the Court lacked jurisdiction to enhance his sentence under U.S.S.G. § 4B1.1 because the Government did not provide notice of the convictions on

which it intended to rely in seeking a career offender enhancement. The law is clear in the Eleventh Circuit that the notice requirements do not apply when the Government seeks to use prior convictions as the basis for a career offender enhancement, "so long as the enhanced sentence still falls within the permissible statutory range." United States v. Viaud, --- Fed. Appx. ----, 2015 WL 542378, at *1 (11th Cir. Feb 11, 2015) (per curiam) (citing Young v. United States, 936 F.2d 533, 535-36 (11th Cir. 1991)). Petitioner's sentence fell within the permissible statutory range. As there was no notice requirement, Petitioner would not be entitled to relief as to this claim.

   **C.   Section 851 Notice**

   Finally, Petitioner contends his prior drug offense was not a "felony drug offense" for purposes of the statutory enhancement. On May 25, 2012, the Government filed its Information and Notice of Prior Convictions pursuant to 21 U.S.C. § 851 advising of the enhanced penalties under 21 U.S.C. § 841(b). (Cr-D-30.) Section 841(b)(1)(B) provides that, "[i]f any person commits a violation after a prior convictions for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment ...." 21 U.S.C. § 841(b)(1)(B). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or

foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44).

According to the Presentence Investigation Report, Petitioner was convicted of delivery of cocaine in violation of Fla. Stat. § 893.13(1)(a)(1).[7]  (PSI ¶ 32.)  Florida law provides that cocaine is a controlled substance.  Fla. Stat. § 893.03(2)(a)(4).  Delivery of cocaine is a second degree felony punishable by up to 15 years imprisonment.  Fla. Stat. § 775.082(3)(c).  As such, Petitioner's prior drug conviction constitutes a "felony drug offense," and the § 851 enhancement was appropriately applied.

## III. EVIDENTIARY HEARING

Lastly, as to Petitioner's request for an evidentiary hearing, Petitioner has failed to demonstrate the need for such a hearing. The Court need not conduct an evidentiary hearing where it is evident from the record that the petitioner was not denied effective assistance of counsel.  Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991).  Based on the foregoing analysis, the Court does not find that an evidentiary hearing is warranted.

It is therefore ORDERED that:

1)   Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence  (Cv-D-1, Cr-D-109) is DENIED.

---

[7] Petitioner's counsel could not have challenged the validity of this conviction as it occurred more than five years prior to the date of the information alleging the prior convictions.  See 21 U.S.C. § 851(c).

2)    The Clerk is directed to enter judgment in favor of the Government and CLOSE this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of

appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED at Tampa, Florida this __18th__ day of March, 2015.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

21