UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRIUS FLOYD,

    Petitioner,

                        Case No. 8:14-CV-2290-T-27AEP
                                8:12-CR-65-T-27AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

### O R D E R

This cause comes on for consideration of Petitioner's Motions styled "Request for Relief from Judgment Denying his Motion Filed Pursuant to Title 28 U.S.C. § 2255 for Correction of Clear Error and an Abuse of Discretion, Where the Court has Failed to Comply to Supreme Court Precedent and Eleventh Circuit Authority on the Same" (D-15), and "Request for Staying of the Filing of the Notice of Appeal and/or Certificate of Appealability Pending the Court's Resolution of the Correction of Clear Error" (D-16).

By order dated March 18, 2015, the Court denied Petitioner's § 2255 motion. The Court further denied Petitioner a certificate of appealability. Petitioner now seeks relief from that order pursuant to Rule 60(b), Fed.R.Civ.P. Petitioner claims that the Court erred in finding that Alleyne v. United States, --- U.S.---, 133 S.Ct. 2151 (2013), is not retroactive on collateral review. Petitioner further contests that Court's rulings with regard to his claims of ineffective assistance of counsel in failing to move to

suppress the search warrant, failure to raise more meritorious issues on appeal, and his career offender and sentencing enhancement claims. Petitioner also seeks to stay the time for filing a notice of appeal pending the Court's resolution of Petitioner's motion for relief from judgment.[1]

Rule 60(b) can be used to attack an order denying a prisoner's § 2255 motion only in limited circumstances. "Rule 60(b) motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either: (1) raise a new ground for relief, or (2) attack a federal court's previous resolution of a claim on the merits." Solomon v. United States, 300 Fed. Appx. 857, 858 (11th Cir. 2008) (per curiam) (citing Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005)). The Gonzalez court explained that a motion which attacks the federal court's previous resolution of a claim on the merits is successive because "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions

---

[1] Petitioner states in his motion that "the court has accepted the magistrate's supplemental report and recommendation, of which petitioner has never received or had the opportunity to respond to...." (D-16, p.1.) This Court never referred Petitioner's § 2255 motion to a magistrate judge, and no report and recommendation was ever rendered in this case. As previously indicated, the District Court addressed and denied Petitioner's § 2255 motion in an order dated March 18, 2015. (D-13.) A copy of that order was mailed to Petitioner on March 19, 2015, at FCC Coleman where Petitioner is imprisoned.

of the statutes, entitled to habeas relief." 545 U.S. at 532. On the other hand, a motion should not be treated as a successive habeas petition where the motion alleges a "defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532 (footnote omitted).

Petitioner fails to show any defect in the integrity of the prior § 2255 proceedings. Rather, his motion simply attacks this Court's prior resolution of his claims raised in his § 2255 motion. Thus, Petitioner's motion is a successive § 2255 motion. As Petitioner has not sought and received authorization from the Eleventh Circuit Court of Appeals to file a successive motion, this Court is without jurisdiction to consider his motion. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Even if this Court had jurisdiction over Petitioner's Rule 60(b) motion, he would not be entitled to relief. First, as stated in this Court's March 13, 2015 order, the controlling law of the Eleventh Circuit holds that Alleyne is not retroactive on collateral review. Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir, 2014); accord Owens v. United States, 598 Fed. Appx. 736, 737 n. 1 (11th Cir. 2015) (noting every circuit to have considered the issue, including Second, Third, Fifth, Sixth, Seventh, Ninth and Tenth, has found Alleyne is not retroactive on collateral review).

With regard to Petitioner's ineffective assistance of counsel

claims relating to failure to file a motion to suppress and failure to raise more meritorious issues on appeal, and his career offender and statutory sentencing enhancement claims, he raises no new legal or factual issues warranting reconsideration.

Petitioner's motion to stay the time for filing a notice of appeal is denied as moot.

IT IS ORDERED that:

1) Petitioner's Motion styled "Request for Relief from Judgment Denying his Motion Filed Pursuant to Title 28 U.S.C. § 2255 for Correction of Clear Error and an Abuse of Discretion, Where the Court has Failed to Comply to Supreme Court Precedent and Eleventh Circuit Authority on the Same" (D-15) is DISMISSED for lack of jurisdiction.

2) Petitioner's Motion Styled "Request for Staying of the Filing of the Notice of Appeal and/or Certificate of Appealability Pending the Court's Resolution of the Correction of Clear Error" (D-16) is DENIED as moot.

DONE AND ORDERED at Tampa, Florida this 21st day of May, 2015.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT