UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRIUS FLOYD,

      Petitioner,

                         Case No. 8:14-CV-2290-T-27AEP

UNITED STATES OF AMERICA,

      Respondent.

_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion Requesting Reconsideration of the Court's May 21, 2015 Order Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Cv-D-21).

By order dated March 18, 2015, the Court denied Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Cv-D-13.)  Petitioner filed a motion for relief from judgment arguing various claims including that this Court erred in finding Alleyne v. United States, 133 S.Ct. 2151 (2013), was not applicable on collateral review. (D-15.)  By order dated May 21, 2015, the Court dismissed Petitioner's motion. (D-17.)

Petitioner returns arguing that when the Alleyne decision was issued, while his direct appeal had been decided by the Eleventh Circuit, the time for Petitioner to file a petition for writ of certiorari had not yet expired, and, as such, his conviction was not yet final.  He therefore contends Alleyne is applicable to his

case.

The Eleventh Circuit issued its opinion affirming Petitioner's conviction on June 12, 2013.  Petitioner had 90 days thereafter, until September 10, 2013, by which to file a certiorari petition with the Supreme Court.  Sup. Ct. R. 13.1.  The judgment of conviction in Petitioner's criminal case became final once the time expired for filing a petition for certiorari.  Clay v. United States, 537 U.S. 522, 532 (2003).  The Supreme Court issued its opinion in Alleyne on June 17, 2013.  As such, Petitioner's conviction was not yet final when Alleyne was decided.  The Court will therefore reassess Petitioner's Alleyne arguments accordingly below.  An evidentiary hearing is not necessary.

In Alleyne, the Supreme Court found that "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  Id. at 2155.  In Petitioner's criminal case, the drug type (cocaine base) and quantity (280 grams or more) were charged in the Indictment. (Cr-D-1.)  Further, the jury specifically found Petitioner guilty of possessing with the intent to distribute 28 grams or more but less than 280 grams of cocaine base.  (Cr-D-57.)  Thus, there was no violation of Alleyne.

Petitioner appears to contend that the Government failed to charge in the Indictment and failed to prove beyond a reasonable doubt that the controlled substance was specifically "crack"

2

cocaine.  An indictment need not specifically allege "crack" rather than cocaine base, however.  <u>DePierre v. United States</u>, 564 U.S. ----, 131 S.Ct. 2225, 2237 (2011) ("term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically basic form.")  Accord <u>United States v. Logan</u>, 845 F.Supp. 2d 499 (E.D.N.Y. Feb. 23, 2012) (the indictment need not specifically allege "crack" as opposed to cocaine base), appeal dismissed No. 12-1187 (2nd Cir. July 5,2012).

The jury's finding that Petitioner possessed with the intent to distribute 28 grams or more of cocaine base was sufficient to result in the imposition of penalties in accordance with 21 U.S.C. § 841(b)(1)(B).[1]  Thus, Petitioner's statutory sentencing range was a mandatory minimum of ten years to life imprisonment. Petitioner's sentence of imprisonment of 360 months falls within the statutory range.

Notably, the Court did not make its own drug quantity finding to alter Petitioner's statutory sentencing range.  The Court's ultimate imposition of a sentence of 360 months resulted from Petitioner's career offender status.  Specifically, Petitioner's total enhanced offense level of 37 was a result of the career offender enhancement in U.S.S.G. § 4B1.1.  (PSI ¶ 23.)  His

---

[1] Because Petitioner had prior convictions, his statutory sentence was enhanced from a mandatory minimum of five years to a maximum of 40 years imprisonment to a mandatory minimum of 10 years to a maximum of life imprisonment.  21 U.S.C. §§ 841(b)(1)(B) and 851.

sentencing guideline range of 360 months to life was a result of his career offender status and not by reference to drug quantity. Thus, there was no Alleyne error. United States v. Myers, 597 Fed. Appx. 153, 156 (4thCir 3015) (no violation of Alleyne where the jury found the defendant responsible for five grams of crack cocaine and the ultimate sentence of 360 months was based upon defendant's status as a career offender); O'Neal-Sloane v. Warden Allenwood FCI, Medium, 576 Fed. Appx. 63, 65-66 (3d Cir. 2014) (finding Alleyne "would not appear to apply" because the prisoner was sentenced under the career offender guidelines). As there was no Alleyne error, Petitioner fails to demonstrate prejudice resulting from his counsel's failure to contest the drug substance.

Petitioner also relies on Alleyne to support his claims that his counsel was ineffective in failing to suppress admission of the DNA that "inferred" that he committed two distinct crimes and that he is actually innocent of possessing 28 grams or more of cocaine base with the intent to distribute it. Petitioner does not shown prejudice resulting from his counsel's failure to move to suppress the DNA evidence. In this regard, Petitioner has not demonstrated any legal basis for a motion to suppress nor has he show a likelihood of success on such a motion. To the extent that Petitioner contests the sufficiency of the evidence, the Court previously addressed the issue in its March 18, 2015 order. (D-13, p. 9-10.)  Alleyne does not provide any basis for the Court to

4

alter its ruling.

Finally, the Court finds no basis to change it rulings in its March 18, 2015 order (Cv-D-13) as it relates to the remainder of Petitioner's claims.  As such, the Court's March 18, 2015 order as it relates to the remaining claims is confirmed.

IT IS therefore ORDERED that:

1)   Petitioner's Motion Requesting Reconsideration of the Court's May 21, 2015 Order Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Cv-D-21) is GRANTED to the extent that the Court has reassessed Petitioner's <u>Alleyne</u> arguments but finds that Petitioner is not entitled to § 2255 relief.

2)   The Court's previous order of March 18, 2015 (D-13) is CONFIRMED as to the remaining issues raised in Petitioner's § 2255 motion.

## CERTIFICATE OF APPEALABILITY
### LEAVE TO APPEAL <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability (COA).  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition.   28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of appealability.  <u>Id.</u>  "A [COA] may issue  ... only if the applicant has made a substantial showing of the denial of a constitutional right."  <u>Id.</u> at § 2253(c)(2).  To make such a showing, a petitioner "must

5

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u> 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal <u>in forma pauperis</u>.

DONE AND ORDERED at Tampa, Florida this _8th_ day of July, 2015.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE